# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| AMANDA J. BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-cv-97 |
| | ) |
| AMERICAN ELECTRIC POWER | ) |
| a/k/a INDIANA MICHIGAN POWER, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a request for counsel, together with a completed Questionnaire for Appointment of Counsel, filed by the *pro se* Plaintiff Amanda J. Brownlee, who is suing her employer under the Americans with Disabilities Act. (Docket # 13, 16.) Because Brownlee is able to afford counsel on her own, and because her case is not difficult and she is competent to litigate it on her own, her request will be DENIED.

## LEGAL STANDARD

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel", 28 U.S.C. § 1915(e)(1), or "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). *See* 42 U.S.C § 12117(a) (stating that the ADA incorporates the powers, remedies, and procedures of Title VII); *Pierce v. United Parcel Service*, No. 01 C 5690, 2002

WL 992624, at *2-4 (N.D. Ill. May 15, 2002) (applying the Title VII standard to request for counsel in ADA case).

The Seventh Circuit has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, No. 09-1040, 2009 WL 2196791, at *2 (7th Cir. July 24, 2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

Applying the foregoing inquiry, it is evident that Brownlee is able to represent herself in this lawsuit. At the outset, it is noted that Brownlee is not indigent and apparently has some means to hire counsel. After all, on March 24, 2011, Judge Joseph Van Bokkelen denied Brownlee's request to proceed *in forma pauperis* because she reported annual income of $41,600. (Docket # 3.) Similarly, on Brownlee's Questionnaire for Appointment of Counsel, she

indicated that she is currently employed, has no dependants, and receives an annual income of $41,000. (Docket # 16.) Therefore, Brownlee's ability to pay for counsel suggests that her request should be denied.[1]

Apart from financial considerations, Brownlee's case is not particularly difficult and she is competent to litigate it herself. To explain, the case is a relatively straightforward action under the Americans with Disabilities Act. Brownlee claims that the Defendant failed to accommodate her disability and terminated her employment in retaliation for her asking for sick leave benefits. (Docket # 1.) Therefore, the first factor—the difficulty of her claims—cuts against Brownlee's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Brownlee has already adequately articulated her claims in this case and competently participated in the Federal Rule of Civil Procedure 26(f) Scheduling Conference. (*See, e.g.*, Docket # 1, 2, 12.) Furthermore, as noted earlier, Brownlee independently and thoroughly,but unsuccessfully, prosecuted her charge of discrimination before the City of Fort Wayne Metro Human Relations Commission and the Equal Employment Opportunity Commission. (Docket # 1 p. 5-19.) Thus, obviously she has already performed legal research and is fully capable of articulating and advancing her legal position.

Moreover, Brownlee participated in the Rule 16 Preliminary Pretrial Conference (Docket

---

[1] Here, Brownlee has made several attempts to obtain counsel on her own; none, however, would apparently take the case. (Docket # 13, 16.) Of course, given the frequency with which attorneys take similar cases on contingency fee agreements, this is an indication that Brownlee's case may indeed have little merit (after thorough review, it received a no probable cause finding at the administrative level) and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

# 14), and the Court observed that she has good communication skills, at least at a sufficient level to proceed *pro se*. Finally, the facts of this case are within her particular knowledge; therefore, the task of discovery is likely to be quite limited and certainly not insurmountable. As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims herself—also fails to support her request for counsel.

Considering the foregoing, Brownlee appears quite competent to adequately handle the litigation of this relatively simple Americans with Disabilities Act case. Consequently, her request asking that the Court recruit counsel for her will be denied.

## CONCLUSION

For the reasons stated herein, the Plaintiff's request for the appointment of counsel (Docket # 13) is DENIED. The Plaintiff is, of course, free to attempt to secure counsel on her own.

Enter for July 26, 2011

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge